ELECTRONICALLY FILED
Sep 08 2017
U.S. DISTRICT COURT
Northern District of WV

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

**CYNTHIA RICE**,
**DAVID H. YODER**,
**VERA STANDISH**,
**PARRY PETROPLUS**, and
**CHRISTOPHER CHAFFIN**,

      Plaintiffs,

v.                                      Civil Action No.: 1:17-cv-156 (Keeley)

**EQUIFAX, INC.**,

      Defendant.

## CLASS ACTION COMPLAINT

This action is brought pursuant to Rule 23 of the Federal Rules of Civil Procedure, as a class action on behalf of the named Plaintiffs for themselves, and all other members of the Classes herein described.

## NATURE OF THE ACTION

Plaintiffs bring this action as a class action on behalf of proposed Class consisting of themselves and all other persons who have been impacted by Equifax, Inc.'s failure to assess their information security risks, implement appropriate information security controls according to their needs, incorporate continuous feedback and improvement activities designed to address changes in the threat landscape or information security incidents, and to further monitor and protect the personal information that Equifax, Inc. obtained and stored as it relates to West Virginia residents.  Generally, Equifax, Inc. failed to assess relevant information risks, take into account the information assets, threats, existing controls and vulnerabilities so as to determine

the likelihood of incidents or incident scenarios and the predicted consequences if they were to occur. Plaintiffs seek to recover damages caused to the proposed Class by defendant's violation of the applicable law.

## THE PARTIES

1. Cynthia Rice, an individual consumer, is a citizen and resident of Morgantown, Monongalia County, West Virginia.

2. David H. Yoder, an individual consumer, is citizen and resident of Morgantown, Monongalia County West Virginia.

3. Parry Petroplus, an individual consumer, is a citizen and resident of Morgantown, Monongalia County, West Virginia.

4. Christopher Chaffin, an individual consumer, is a citizen and resident of Morgantown, Monongalia County, West Virginia.

5. Vera Standish, an individual consumer, is a citizen and resident of Hurricane, Putman County, West Virginia.

6. Equifax Inc. (Equifax) is a multi-billion dollar Georgia corporation with its principal place of business at 1550 Peachtree Streeet, NW, Atlanta, Georgia that provides credit information services to millions of businesses, governmental units, and consumers across the globe. Equifax operates through various subsidiaries including Equifax Information Services, LLC, and Equifax Consumer Services, LLC aka Equifax Personal Solutions aka PSOL. Each of these entities acted as agents of Equifax or in the

alternative, acted in concert with Equifax as alleged in this complaint.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $5 million exclusive of interest and costs. Venue is proper under 28 U.S.C. § 1391 because the bulk of individual consumers with credit and personal information stored by Equifax live in this judicial district and have been damage within the same.

## FACTUAL ALLEGATIONS

8.     Plaintiffs file this complaint as a state-wide Class action on behalf of over 500,000 consumers across the State harmed by Equifax's failure to adequately protect their credit and personal information. This complaint requests Equifax provide fair compensation in an amount that will ensure every consumer harmed by its data breach will not be out-of-pocket for the costs of independent third-party credit repair and monitoring services. This complaint's allegations are based on personal knowledge as to plaintiffs' conduct and made on information and belief as to the acts of others.

9.     Throughout the past year, Equifax collected and stored personal and credit information from plaintiffs, including their social security numbers, birth dates, home addresses, driver's license information, and credit card numbers.

10.    Equifax owed a legal duty to consumers like plaintiffs and the proposed Class they seek to represent to use reasonable care to protect their credit and personal information from unauthorized access by third parties.  Equifax knew that its failure to protect Ms. Rice's, Mr.

Yoder's, Mr. Petropolus', Mr. Chaffin's, and Ms. Standish's as well as the proposed Class members' credit and personal information from unauthorized access would cause serious risks of credit harm and identify theft for years to come.

11.     On September 7, 2017, Equifax announced for the first time that from May to July 2017, its database storing Ms. Rice's, Mr. Yoder's, Mr. Petroplus', Mr. Caffin's, Ms. Standish's, and the proposed Class members' credit and personal information had been improperly accessed by unauthorized third parties, subjecting Ms. Rice, Mr. Yoder, Mr. Petroplus, Mr. Chaffin, Ms. Standish, and the proposed Class members to credit harm and identify theft.

12.     In an attempt to increase profits, Equifax negligently failed to maintain adequate technological safeguards to protect Ms. Rice's, Mr. Yoder's, Mr. Petroplus', Mr. Chaffin's, Ms. Standish's, and the proposed Class members' information from unauthorized access by hackers. Equifax knew and should have known that failure to maintain adequate technological safeguards would eventually result in a massive data breach. Equifax could have and should have been aware of the problems with the website, and the ease of access permitted thereto by unauthorized users, but failed to adequately address the issue and failed to adequately fund the process so as to to protect against cyber-attacks. Consumers like Ms. Rice, Mr. Yoder, Ms. Standish, as well as the proposed Class members should not have to bear the expense caused by Equifax's negligent failure to safeguard their credit and personal information from cyber-attackers. As a direct result of Equifax's negligence as alleged in this complaint, Ms. Rice, Mr. Yoder, Ms. Standish, and all class members suffered injury of loss of at least $19.95 to pay for

third-party credit monitoring services they otherwise would not have had to pay for.

## CLASS ALLEGATIONS

13. Plaintiffs file this complaint as a state-wide class action lawsuit consisting of West Virginia consumers who:

    a. Had personal or credit data collected and stored by Equifax in the past year, and

    b. Who were subject to risk of data loss and credit harm and identity theft or had to pay for third-party credit monitoring services as a result of Equifax's negligent data breach from May to July 2017.

14. Excluded from the class are all attorneys for the class, officers and members of Equifax, including officers and members of any entity with an ownership interest in Equifax, any judge who sits on the case, and all jurors and alternate jurors who sit on the case.

15. The exact number of aggrieved consumers in West Virginia can be determined based on Equifax's consumer database, estimated at 730,000 consumers – about half the population of West Virginia.

16. Every aggrieved West Virginia consumer suffered injuries as alleged in this complaint directly and proximately caused by Equifax's negligent failure to adequately protect its database from unauthorized access by third-party hackers.

17. The class is so numerous that joinder is impracticable. Upon information and belief, the West Virginia class includes almost a million consumers based on Equifax's estimate that its data breach affected 143 million consumers nationwide.

18.     Common questions of fact and law predominate over any questions affecting only individual class members. Common questions include whether plaintiffs and the class members are entitled to equitable relief, whether Equifax acted negligently, and whether plaintiffs and the class members are entitled to recover money damages.

19.     Plaintiffs' claims are typical of the claims of the class because each suffered risk of loss and credit harm and identity theft caused by Equifax's negligent failure to safeguard their data, the injuries suffered by plaintiffs and the class members are identical (i.e. the costs to monitor and repair their credit through a third-party service for at least 24 months), and plaintiffs' claims for relief are based upon the same legal theories as are the claims of the other class members. Plaintiffs will fairly and adequately protect and represent the interests of the class because their claims are typical of the claims of the class, they are represented by nationally known and locally respected attorneys who have experience handling class action litigation who are qualified and competent, and who will vigorously prosecute this litigation, and their interests are not antagonistic or in conflict with the interests of the class.

20.     A class action is superior to other methods for fair and efficient adjudication of this case because common questions of law and fact predominate over other factors affecting only individual members, as far as plaintiffs know, no class action that purports to include West Virginia consumers suffering the same injury has been commenced in West Virginia, individual class members have little interest in controlling the litigation, due to the high cost of actions, the relatively small amounts of damages, and because plaintiffs and their attorneys will vigorously pursue the claims. A class action will be an efficient method of adjudicating the claims of the class members who have suffered relatively small damages, as a result of the same conduct by

Equifax. In the aggregate, class members have claims for relief that are significant in scope relative to the expense of litigation. The availability of defendant's consumer data will facilitate proof of class claims, processing class claims, and distributions of any recoveries.

## CLASS CLAIM FOR RELIEF

### COUNT I

### (*NEGLIGENCE*)

21.     As alleged in this complaint, Equifax undertook care of credit and personal information belonging to plaintiffs and the West Virginia putative class, then breached its legal duty by failing to maintain adequate technological safeguards, falling below the standard of care in the technological industry, directly and proximately causing foreseeable risk of data loss and credit harm and identity theft and other economic losses, in amounts to be decided by the jury.

22.     Plaintiffs and the class are entitled to equitable relief in the form of an accounting of exactly how their credit and personal information was accessed without authorization by third parties, restitution, and unless agreed upon by Equifax, an order to preserve all documents and information (and electronically stored information) pertaining to this case.

## PRAYER FOR RELIEF

Plaintiffs seek relief for themselves and the proposed class as follows:

    **A.**     Unless agreed upon by Equifax, an order to preserve all documents and information (and electronically stored information) pertaining to this case,

    **B.**     An order certifying this matter as a class action,

    **C.**     Judgment against Equifax for fair compensation in an amount to be decided by the jury, and costs,

    **D.**    And other relief the Court deems necessary.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

Dated:  September 8, 2017.

                          **CYNTHIA RICE**, **DAVID H. YODER**, **VERA STANDISH**, **PARRY PETROPLUS**, and **CHRISTOPHER CHAFFIN**, Plaintiffs


                          By:    /s/ *R. Dean Hartley*


R. Dean Hartley (WV Bar # 1619)
Mark R. Staun (WV Bar # 5728)
**HARTLEY LAW GROUP, PLLC**
2001 Main Street, Suite 600
Wheeling, WV 26003
(304) 233-0777
(304) 233-0774 (facsimile)
dhartley@hartleylawgrp.com
mstaun@hartleylawgrp.com
*Counsel for Plaintiffs*

James A. Gianola (WV Bar # 1378)
John F. Gianola (WV Bar # 10879)
**GIANOLA, BARNUM, BECHTEL & JECKLIN LC**
1714 Mileground Road
Morgantown, WV 26505
jgianola@GBBJLAW.COM
john.gianola@GBBJLAW.COM
(304) 291-6300
(304) 291-6307 (facsimile)
*Counsel for the Plaintiffs*